UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN P RUFFIN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>SAN FRANCISCO SHERIFFS DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-08239-HSG<br><br>**ORDER SCREENING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 10 |

Plaintiff, an inmate at San Francisco County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 10) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Procedural History**

The initial complaint named as a defendant the "San Francisco Sheriff's Dept. & official capacity" and alluded to many other unnamed defendants. Dkt. No. 1. The initial complaint alleged that various San Francisco deputies had subjected Plaintiff to illegal actions since April 16, 2020, and continuing until at least August 15, 2020. *See generally* Dkt. No. 1. The Court dismissed the complaint with leave to amend because it suffered from numerous deficiencies, including but not limited to (1) failure to allege a violation of either federal law or of the federal Constitution; (2) failure to comply with Fed. R. Civ. P. 20(a)(2) which allows for defendants to be joined in an action if their alleged illegal acts arose out of the same transaction, occurrence, or series of transactions or occurrences, and shared a common question of law or fact; (3) failing to proffer factual allegations that were sufficiently specific so as to raise a right to relief above the speculative level; and (4) failing to identify defendants by name.

**C.     Amended Complaint**

The amended complaint names as defendants the San Francisco Sheriff's Department ("SFSD") in its official capacity, Lt. Daggs, Sgt. Leonardini, classification deputy Loufas, deputy Jacowitz, and senior deputy Mikovich. Dkt. No. 10 at 1-2.

The amended complaint appears to make the following factual allegations about two separate incidents.

On May 12, 2020, defendant Leonardini put Plaintiff in confinement without Plaintiff being adjudicated, in violation of state law and SFSD regulations requiring that an investigatory

2

hearing be held within a certain time frame. Defendant Jacowitz attempted to cover up defendant Leonardini's mistake by "illegally" issuing incident report number 09001012. On May 16, 2020, defendant Mikovich kept Plaintiff "illegally" in confinement by issuing a "loss of rights" disposition. Because of these actions, Plaintiff was kept "illegally" in confinement from May 15, 2020 to May 23, 2020, without being adjudicated at all. Incident report no. 09001027 was issued while he was in confinement, extending his "illegal" stay in confinement from May 24, 2020 to May 27, 2020. After the confinement pursuant to incident report no. 09001027 ended, defendant Loufas held Plaintiff "illegally" in confinement until June 5, 2020. Plaintiff was transferred to an administrative segregation unit. Prior to this transfer, defendant Loufas showed "'evil motive with intent' to cause [Plaintiff] 'mental suffering and emotional distress.'" Dkt. No. 10 at 2-3.

On April 10, 2020, deputies Truong and James placed Plaintiff in Cell No. 5. Cell No. 5 violated institutional policy and standards in that rust was protruding off the bed, dark brown stains that were likely feces were on the walls and floors, and the sink was not working. Cell No. 5 was sprayed for COVID-19 a couple hours prior to Plaintiff's placement in the cell. Plaintiff was in that cell for approximately two or three hours. Deputy Troung violated prison regulations when he placed Plaintiff in Cell No. 5 and/or moved him to administrative segregation without consent from the senior committee, which is proof of Deputy Troung's evil intent to cause Plaintiff great bodily harm or to kill him. Further proof of the evil intent can be found in incident report no. 09001027. Captain Murphy and Davis "clearly" are accomplices to cover up this illegal act. Dkt. No. 10 at 6-7.

Plaintiff alleges that both the continued "illegal" placement in "confinement" without adjudication and the placement in Cell No. 5 violated the Eighth Amendment and the Fourteenth Amendment.

**D.    Dismissal with Leave to Amend**

As an initial matter, Plaintiff's claims are hard to understand. It is unclear what Plaintiff means by "confinement" or by "adjudication," or why incident report no. 9001012 is relevant. The Court presumes that Plaintiff is arguing that his rights under the Eighth Amendment and Due Process Clause were violated by his placement in administrative segregation and in Cell No. 5

because his placement in administrative segregation violated state regulations and was done without first issuing a disciplinary finding, and because Cell No. 5 was not institutionally cleared to house an inmate and was both unsanitary and unsafe. The amended complaint suffers from numerous deficiencies which the Court identifies below.

**Fed. R. Civ. P. 8(a).** The amended complaint again fails to proffer factual allegations sufficient to a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. Plaintiff's allegations are, again, vague and conclusory. While the amended complaint identifies dates and individuals, it continues to rely on conclusory "defendant-unlawfully-harmed-me" accusations which, as a matter of law, fail to state a claim under Fed. R. Civ. P. 8. *Ashcroft*, 556 U.S. 662, 677–78 (2009). Conclusory statements that a defendant acted illegally or with evil intent or motive, or that actions violated the Eighth Amendment are insufficient to state cognizable claims for relief under 42 U.S.C. § 1983.

**Fed. R. Civ. P. 20(a)(2).** The amended complaint appears to again violate Fed. R. Civ. P. 20(a)(2). Fed R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). It is unclear how the April 10, 2020 placement in Cell 5 is related to the May 12, 2020 placement in confinement without adjudication. These two claims appear to arise out of different occurrences and do not appear to share a common question of fact. Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements. In this action, he should only pursue the acts that arise out of the same transaction, occurrence, or series of transactions or occurrences, and share a common question of law or fact. Plaintiff should bring separate actions to seek relief for the claims arising out of separate incidents.

**Due Process Claim.** The amended complaint's allegations that Plaintiff was placed in

4

confinement without adjudication and in violation of state regulations, and that Plaintiff was briefly placed in a cell which violated institutional standards and policy and was unsanitary and unsafe, fail to state cognizable due process claims.

The violation of state administrative regulations, without more, does not give rise to a deprivation of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). State regulations that merely provide procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) prison officials are narrowly restricted by state statutes or regulations to impose the specific deprivation at play, and (2) the liberty in question is one of "real substance." *Sandin*, 515 U.S. at 477–87. A liberty interest of "real substance" generally will be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. Whether a restraint is "atypical and significant" under *Sandin* requires case-by-case consideration. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Typically, a court should consider the following factors: "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Id.* at 861. While a prisoner is entitled to due process protections prior to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100–01 (9th Cir. 1986) *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (internal citations and footnote omitted). "[In the context of placement in administrative segregation, t]he due process clause does not require detailed written notice of

charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.*

The amended complaint's claim that Plaintiff was placed in administrative segregation without adjudication and in violation of a state regulation requiring an investigatory hearing within 72 hours him does not state a constitutionally cognizable due process claim. In the context of administrative segregation, the Due Process Clause only requires that the hearing be held, and notice given, within a reasonable time; it does not require compliance with state regulations. *See Toussaint*, 801 F.2d at 1100–01; ); *see, e.g., Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (holding state regulations governing security classification of prisoners and prison placement did not give rise to protected liberty interest under *Sandin*). The amended complaint states that Plaintiff was informed of the reasons for the administrative segregation within four days and there is no allegation that Plaintiff was denied an informal nonadversary hearing with respect to the segregation or denied an opportunity to present his views. The Court will dismiss this due process claim with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (if court determines pleading could be cured by allegation of other facts, *pro se* litigant entitled to opportunity to amend complaint before dismissal of action). Plaintiff is cautioned that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cognizable cause of action, and that the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft*, 556 U.S. at 678.

Plaintiff's claim that he was denied due process in connection with his brief placement in Cell No. 5 also fails to state a cognizable Due Process claim. Even if the conditions in Cell No. 5 constituted an atypical and significant hardship, the placement was too brief to implicate the Due Process Clause. *Compare Sandin*, 515 U.S. at 484 (placement in disciplinary segregation for thirty days did not constitute atypical and significant hardship within the correctional context), *and Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (placement in disciplinary segregation for fourteen days did not constitute atypical and significant hardship within the correctional context), *with Wilkinson v. Austin*, 545 U.S. 209, 223–25 (2005) (indefinite placement in "supermax"

facility, where inmates are not eligible for parole consideration, imposes an atypical and significant hardship within correctional context). In addition, Plaintiff's claim regarding his placement in Cell No. 5 is properly brought as an Eighth Amendment claim, not a due process claim. A prisoner's Eighth Amendment right to be free from cruel and unusual punishment does not create a liberty interest protected by the Due Process Clause. *See Toussaint*, 801 F.2d at 1093 (rejecting inmate's attempt to "parlay" his Eighth Amendment right into a due process right because, among other things, doing so would imply that some "amount of process can justify subjecting a prisoner to cruel and unusual punishment"). Plaintiff's claim that he was denied due process in connection with his brief placement in Cell No. 5 is therefore DISMISSED with prejudice.

**Eighth Amendment.** Both Plaintiff's Eighth Amendment claims are DISMISSED with prejudice.

In its prohibition of "cruel and unusual punishment," the Eighth Amendment imposes duties on officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment only if two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (Eighth Amendment excludes from constitutional recognition de minimis uses of force); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir.), *amended* 75 F.3d 448 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain within meaning of Eighth Amendment).

The failure to provide Plaintiff with an adjudication prior to placement in administrative segregation, or within seventy-two hours of such placement, is not, objectively, a sufficiently serious deprivation so as to implicate the Eighth Amendment. A right to notice, or a finding of

1  guilt, prior to placement in administrative segregation if such a right exists, does not arise from the
2  Eighth Amendment.
3        The temporary two to three hour placement in Cell No. 5 was too brief to constitute an
4  Eighth Amendment violation. *See, e.g., Anderson*, 45 F.3d at 1313-15 (temporary placement in
5  safety cell that was "dark, scary, and smelled bad" with toilet "encrusted with excrement and
6  urine" for between one and a half hours to overnight did not violate the Eighth Amendment).
7        Accordingly, the Eighth Amendment claims are DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DISMISSES with prejudice the following claims: the due process claim arising out Plaintiff's placement in Cell No. 5 and both Eighth Amendment claims.

2. The Court DISMISSES with leave to amend the due process claim arising out Plaintiff's placement in administrative segregation

3. The amended complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiencies. The second amended complaint must include the caption and civil case number used in this order, Case No. C 20-08239 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The second amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Because an amended complaint completely replaces the previous complaints, Plaintiff may not incorporate material from the prior complaint by reference. *Id.* at 1262. Plaintiff must address the deficiencies identified above. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 3/22/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge